UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-21194

FELIX A. RAPOSO,
For himself and all others
similarly situated,

    Plaintiff,

vs.

ARC ONE PROTECTIVE SERVICES
LLC, CHANCE RAMOS, AND
AUSTIN WALLACE,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Felix A. Raposo, for himself and all others similarly situated, sues Defendants, ARC One Protective Services LLC, Chance Ramos, and Austin Wallace, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Felix A. Raposo**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, ARC One Protective Services LLC and,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and actually conducted its for-profit

1

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

business in Florida and Texas, at all times material.

6. **Defendant, Chance Ramos,** was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Chance Ramos, ran its day-to-day operations, was responsible for operational decisions, and was partially or totally responsible for paying Plaintiff's wages and the wages of other similarly situated security officers.

7. **Defendant, Austin Wallace,** was and is an owner/officer/director/manager of the corporate Defendant for the time relevant to this lawsuit. Defendant, Austijn Wallace also, ran its day-to-day operations, was responsible for operational decisions, and was partially or totally responsible for paying Plaintiff's wages and the wages of other similarly situated security officers.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff and other similarly situated security officers worked at various sites in Miami-Dade County, were paid in Miami-Dade County, and were due to be paid FLSA overtime wages earned in Miami-Dade County.

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Background Facts*

10. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

11. Defendants also were the "employers" of the other similarly situated security officers who worked for them in South Florida.

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their provision of armed and unarmed security services in Florida, in Texas, and in other locations outside of the State of Florida. *See* https://www.arconeprotection.com/ ("No matter what security needs you have, ARC One Protective Services is here to help. We provide services through the State of Florida, Texas, and beyond.")

14. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange, and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, arrange for security to be provided outside of the State of Florida, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

15. Defendants also engage in e-commerce through the internet on their website, https://www.arconeprotection.com/, which they registered through GoDaddy LLC (a foreign corporation).

16. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff and the other similarly situated security officers worked.

### *Collective Action Allegations*

17. During the past three years, Defendants employed more than 20 other security officers in South Florida.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

18. Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly-situated individuals who are part of the following class:

> All persons who worked for, were by employed by, engaged by ARC Protective Services LLC, Chance Ramos, and/or Austin Wallace, or who were otherwise employed, hired, or engaged by ARC Protective Services LLC, Chance Ramos, or Austin Wallace to as security officers in Florida any time during the three years prior and up through the filing of this Complaint, and who were not paid one and one-half times their applicable hourly rate(s) of pay for all hours worked beyond 40 hours in a workweek.

19. These individuals are referred to as the "FLSA Class", the "Collective", or "FLSA Class Members."

20. The purported Collective includes the armed and unarmed security officers who who worked for Defendants during the past three years, who were paid on an hourly or salary basis, who were not paid overtime wages for each of the hours worked beyond 40 hours in a workweek, and who were subject to the same pay practices as Plaintiff.

21. Plaintiff performed the same type of work under the same procedures, rules, and regulations, as Defendants' other similarly situated security officers in South Florida.

22. Defendants agreed to pay Plaintiff and the FLSA Class an hourly rate of pay.

23. The FLSA Class of similarly situated workers who may become Plaintiffs in this action are current and former security officers who worked for Defendants and who were not paid an overtime wage for all hours worked.

24. The FLSA Class of similarly workers of Defendants are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

25. The similarly situated workers are known to Defendant and can be located through Defendants' records.

4

26. Notice should be sent to the FLSA Class pursuant to 29 U.S.C. §216(b).

27. Collective Action treatment of Plaintiff's FLSA overtime claim is appropriate because he and the FLSA Class were subjected to the common business practices referenced in this Count, and the success of his FLSA claim depends on the resolution of common issues of law and fact, including, inter alia, whether Defendants' companywide practices resulted in their failing to properly compensate the FLSA Class Members at least one and one-half times their regular (hourly) rate(s) of pay for all hours worked beyond 40 hours in a workweek.

### *Liability*

28. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and the employment of the FLSA Class, such records are in the exclusive custody of Defendants.

29. Plaintiff worked for Defendants from approximately May 22, 2019, through the present.

30. Defendants required Plaintiff and the FLSA Class to wear a uniform consisting of a black polo-style shirt with the corporate Defendant's logo, black or khaki pants, and a utility belt with certain required items.

31. Defendants provided Plaintiff and the FLSA Class with their work assignments, their schedules, and the work each was to perform.

32. Defendants also directed Plaintiff and the members of the FLSA Class to utilize the "Sling" application, which Defendants used to communicate with their workforce and to manage their work.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

33. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

34. Plaintiff's work for Defendants, and the work of the FLSA Class, was actually in, or so closely related to, the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work and the work of the FLSA Class for Defendants in the course of their work in providing armed and then unarmed security for COVID-19 testing sites in South Florida while regularly and routinely communicating with Defendants by using digital communications that regularly and routinely traveled outside of the State of Florida.

35. Plaintiff and the FLSA Class also regularly and routinely engaged in interstate commerce through their use of the Zelle application to receive their pay from Defendants.

36. Defendants paid Plaintiff an hourly rate of pay that began at $20/hour and that later increased to $20.25/hour.

37. Defendants paid each member of the FLSA Class an hourly rate of pay.

38. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

39. Defendants failed and refused to pay Plaintiff and the Collective overtime wages calculated at time and one-half of their regular hourly rate(s) of pay for all hours worked over 40 hours in each given workweek.

40. Defendants willfully and intentionally refused to pay Plaintiff and the Collective wages at a rate of time and one-half times their regular rate(s) of pay for each of the overtime hours worked during the relevant time.

41. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

and the Collective an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff and the Collective to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff and the Collective of the overtime pay earned.

42.  Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

43.  Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

44.  Plaintiff and the Collective are entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs incurred.

WHEREFORE Plaintiff, Felix A. Raposo, demands the entry of a judgment in his favor and in favor of the FLSA Class, and against Defendants, ARC One Protective Services LLC, Chance Ramos, and Austin Wallace, jointly and severally after trial by jury and as follows:

a.  Designating this action as a collective action by Felix A. Raposo on behalf of the Collective he represents pursuant to the Fair Labor Standards Act claims, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue/join forms pursuant to 29 U.S.C. § 216(b);

b.  Designating Plaintiff as the representative for the Collective;

c.  Designating the undersigned as counsel for the Collective;

d.  Awarding Plaintiff and the Collective unpaid overtime wages and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

e. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

f. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

g. Awarding pre-judgment and post-judgment interest as provided by law;

h. Awarding reasonable attorneys' fees and costs;

i. Declaring Defendants to be in willful violation of the overtime wage provisions of the FLSA; and

j. Awarding such other and further relief that this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Felix A. Raposo, demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of April 2022,

>s/Brian H. Pollock, Esq.
>Brian H. Pollock, Esq.
>Fla. Bar No. 174742
>brian@fairlawattorney.com
>FAIRLAW FIRM
>135 San Lorenzo Avenue
>Suite 770
>Coral Gables, FL 33146
>Tel:   305.230.4884
>*Counsel for Plaintiff*

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*