**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-21194-COOKE/DAMIAN**

FELIX A. RAPOSO,

      Plaintiff,

vs.

ARC ONE PROTECTIVE SERVICES LLC, *et al.*,

      Defendant.

_____/

**ORDER OF REFERRAL FOR SETTLEMENT CONFERENCE AND**
**ORDER REGARDING COURT PRACTICES AND PROCEDURES**

      THIS MATTER comes before the Court on the filing of a Complaint. To efficiently resolve this dispute, it is **ORDERED** as follows:

**I.   EXPEDITED SERVICE**

      It is **ORDERED** and **ADJUDGED** that, to expedite the processing of the action, Plaintiff will serve the Defendant with a copy of the summons and complaint **within 60 days of the date of this Order**. If Plaintiff is unable to do so, Plaintiff will provide an explanation to the Court as to the reason why Defendant has not been served within the allotted sixty days and will provide a detailed description of the attempts made to serve Defendant. Failure to comply with this Order may lead to immediate dismissal of this cause.

**II.   COURT-MANDATED REQUIREMENTS IN FLSA-BASED CASES**

      Plaintiff filed an action under the Fair Labor Standards Act, *as amended*, 29 U.S.C. §201 *et seq.* ("FLSA"), by which the Plaintiff seeks unpaid wages. To assist the Court in the management of the case, the Plaintiff is **ORDERED** to file with the Court a <u>statement of claim</u> setting forth the amount of the alleged unpaid wages, the calculation of such wages, and the nature of the wages (*e.g.* overtime or regular) *within 21 days from the date of this Order*. Also within that allotted time, the Plaintiff must serve a copy of this Order, the statement of claim, *and copies of all documents supporting the claim* (*e.g.* time slips, pay stubs) on the Defendant's counsel. The Plaintiff must, on that same date, additionally file a notice of full compliance with this Order.

The Defendant, *within 14 days of service of the Plaintiff's statement of claim*, is **ORDERED** to file with this Court a response to the Plaintiff's statement and provide the Plaintiff with copies of all documents supporting its defenses. Concurrently, the Defendant must file a notice of full compliance with this Order.

The Parties are hereby advised that this case will be on the Court's FLSA expedited-track calendar pursuant to which trial will be set nine months after the Plaintiff files the required statement of claim. Furthermore, barring the most extreme of compelling circumstances, ***the Court will not grant any motions for a continuance and/or extensions of time***. ***Failure to comply with this Order may result in default, dismissal, and/or sanctions***.

## III.   REFERRAL OF CASE TO MAGISTRATE JUDGE

This case is **REFERRED** to the Honorable Melissa Damian, United States Magistrate Judge for the Southern District of Florida, for appropriate resolution of all non-dispositive pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions, in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B). ***Motions in Limine and any motion affecting deadlines set by the Court's Scheduling Order are excluded from this referral, unless specifically referred by separate order.***

The Parties are notified that all subsequent pleadings bearing on matters referred to the Magistrate Judge must be so designated by setting forth beneath the case number the identity of the Magistrate Judge to which the matter has been referred and the date of the Order of Reference. Parties shall abide by Magistrate Judge Damian's Discovery Procedures appended to this Order as ***Attachment A***. The parties are also instructed to review Judge Damian's       website       for       any       updates       to       her       procedures: https://www.flsd.uscourts.gov/content/judge-melissa-damian.

Moreover, this matter is **REFERRED** for purposes of a settlement conference before Judge Damian, to occur *within fourteen (14) days* of Defendant(s) filing its/their Response to Plaintiff's Statement of Claim. Counsel shall confer and contact Judge Damian's Chambers prior to the due date for the response by Defendant(s) to Plaintiff's statement of claim to schedule the settlement conference. Except as provided under Local Rule 16.2.E, the appearance of counsel and each party, or representatives of each party with full authority to enter into a full and complete settlement, is mandatory. Appearance shall be in person;

telephonic appearance is prohibited absent court order. All discussions, representations, and statements made at the settlement conference shall be confidential and privileged.

## IV. MOTIONS, JOINT MOTIONS, MOTIONS TO DISMISS, AMENDED PLEADINGS, AND MOTIONS FOR SUMMARY JUDGMENT

### A. GENERAL INSTRUCTIONS REGARDING MOTIONS

In addition to complying with Local Rule 7.1, any motion and accompanying memorandum of law *will not exceed a combined length of twenty pages*, all non-dispositive motions *must be accompanied by a proposed order*, and all motions, memoranda of law, proposed orders, and other documents created for the Court's review *will be uploaded from a PDF document created within MS Word* (and *not* from a scanned PDF document). Finally, motions, memoranda of law, proposed orders, and other documents created for the Court's review *must adhere to the following specifications*:

1. 12 pt. Calisto MT font;
2. One inch margins on all sides;
3. 1/2 inch tab setting;
4. 1.5 Line Spacing;
5. Full Justified;
6. Conforming to the exemplar order at *Attachment E* to this Order;
7. Filed electronically with the corresponding motion; and
8. In the case of proposed orders, e-mailed as a Microsoft Word (.doc) document to cooke@flsd.uscourts.gov. The subject line of the e-mail will include: (i) case number, (ii) case name, and (iii) docket entry number of the corresponding motion.

### B. JOINT MOTIONS

Multiple Plaintiffs or Defendants shall file joint dispositive motions with co-Parties unless there are clear conflicts of positions or grounds for relief. If the Parties believe separate motions are required, the motions must be filed with a statement explaining why there are clear conflicts of positions or grounds for relief. This can be filed as a separate docket entry.

### C. MOTIONS TO DISMISS

The filing of a baseless motion to dismiss may result in sanctions, including an award of attorneys' fees. Should Defendant(s) file a motion to dismiss the complaint, the Parties shall meet and confer within five (5) days of service of the motion to determine whether

Plaintiff(s) can resolve the issue by amending the complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  Any response in opposition to a motion to dismiss shall include a certification of compliance with this Order. Failure to meet and confer in good faith or otherwise comply with this order may result in sanctions, including dismissal of this action.

**Failure to comply with the foregoing requirements may result in the motion being denied without prejudice.**

### D. AMENDED PLEADINGS

Amended pleadings shall be accompanied by a redline comparison of the original and amended pleading. A party need not file a redline comparison when amending as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

### E. MOTIONS FOR SUMMARY JUDGMENT

The Parties shall file unredacted copies of all record evidence submitted in support of their respective motions for summary judgment. Moreover, the record evidence in support of such motions shall be filed through a single Notice of Filing that must be labeled, "Record Evidence In Support of [Insert Party's name]'s Motion for Summary Judgment". Further, the record evidence submitted through these notices of filing shall be specifically labeled so that it is absolutely clear to the Court from the text of the docket what documents are being submitted as record evidence. Meaning that the Deposition of John Smith, for example, shall be labeled as "Ex. A, Deposition of John Smith" on the docket as opposed to the generic and unhelpful "Ex. A". For purposes of resolving motions for summary judgment, the Court will only consider the evidence submitted in conformance with this Order. Therefore, should the Parties need to file documents under seal, then they must request leave of Court to do so well in advance of the deadline to file their respective motions for summary judgment.

**Failure to comply with the foregoing requirements may result in the motion being denied without prejudice.**

### V. PHONE CALLS TO CHAMBERS

1. The Parties **may not call** Chambers to ask about the status of pending motions, including motions for extension of time. The Court is aware of all pending motions and will address each of them in due course.

2. The Parties **may not call** Chambers if the information the Parties seek, or seek to provide, can be conveyed through a filing on the docket.

3. The Parties **may not call** Chambers if the information the Parties seek is available from other sources, including Court Orders and the Local Rules.

4. If the Parties do call Chambers for a **permissible purpose**, counsel for all affected Parties **must** be on the line. Calls from non-attorneys and *ex parte* calls will not be accepted.

**DONE and ORDERED** in chambers, Miami, Florida, this 19th day of April 2022.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Melissa Damian, U.S. Magistrate Judge*
*Counsel of record*

*Attachment A*

# DISCOVERY PROCEDURES FOR
# <u>MAGISTRATE JUDGE MELISSA DAMIAN</u>

The following discovery procedures apply to all civil cases assigned or referred to United States Magistrate Judge Melissa Damian.

If parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge Melissa Damian will set the matter for a hearing. Discovery disputes are handled on an expedited briefing schedule with a shortened page limit.

## <u>Written Discovery Memoranda</u>

The moving party must seek relief within fifteen (15) days of the occurrence of the grounds for relief by filing a discovery memorandum, seeking, for example, to compel or for protective order. **No <u>Motions</u> shall be filed. The Memorandum shall not exceed five (5) pages (double-spaced) and shall briefly inform the Court regarding the discovery issues to be heard. <u>The Discovery Memorandum shall include a certification that the parties have complied with Southern District of Florida Local Rule 7.1(a)(3).</u>**

The moving party shall attach to their Discovery Memorandum any requests for production, requests for admission, or interrogatories that are in dispute and the written responses thereto, if any.

**The opposing party shall file a responsive memorandum, also not to exceed five (5) pages (double-spaced), no later than three (3) days after the original Discovery Memorandum is filed. No replies are permitted, unless ordered by the Court.**

Neither party shall attach correspondence to their Discovery Memorandum or response thereto.

Both parties should review and be mindful of the Discovery Objections Section, below, when conferring regarding discovery disputes and before submitting a Discovery Memorandum or response regarding a discovery dispute.

## <u>Discovery Hearings</u>

After filing a discovery memorandum, the moving party may request a discovery hearing by sending an email to Damian@flsd.uscourts.gov with the subject line: **"Request for Discovery Hearing on [Case Number]."** The email shall provide the Court with at least three (3) dates on Tuesdays or Thursdays with afternoon time frames during which all parties are available for a Zoom or telephonic hearing. Dates provided to the Court shall be within seven (7) business days from the date of the email to Chambers, as the Court endeavors to set discovery hearings as expeditiously as possible. The email shall be copied to all counsel and shall certify that the moving party has conferred with opposing counsel and confirmed opposing counsel's availability on the proposed dates and times. **All communications with**

**Chambers regarding discovery matters must be by email, and all counsel of record must be copied on the email. No argument or background about the dispute is permitted by email.**

If the Court determines that a discovery hearing on the Discovery Memorandum is necessary, the Court will then enter an Order setting the matter down for a Zoom or telephonic hearing. Ordinarily, the Court permits fifteen (15) minutes of argument per side. If the matter is more complex or otherwise requires additional time, counsel should note that in the email to Chambers.

The parties shall notify Chambers by email as soon as practicable if they resolve some or all of the discovery issues in dispute.

## Imposition of Sanctions

The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith or without substantial justification. *See* Fed. R. Civ. P. 37.

## Attorneys' Fees and Costs

If a party is seeking attorneys' fees and costs in connection with a discovery dispute that is set for hearing, the party should be prepared to argue the basis for entitlement, as well as the amount of attorneys' fees and costs, at the hearing. *See* Fed. R. Civ. P. 37.

## Discovery Objections

The parties should be mindful of the following when conferring regarding discovery disputes and prior to filing motions regarding discovery disputes.

A. *Vague, Overly Broad, and Unduly Burdensome*: Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and shall be disregarded by the Court. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4). If a party believes that the request is vague, the party shall attempt to obtain clarification prior to objection on this ground. Sworn testimony or evidence may be necessary to show that a particular request is in fact burdensome.

B. *Objections Based on Scope*: If there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope that is not disputed. For example, if discovery is sought nationwide for a ten-year period and the responding party objects on the grounds that only a five-year period limited to activities in Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period of activity in Florida.

C. *Irrelevant and Not Reasonably Calculated to Lead to Admissible Evidence*: An objection that a discovery request is irrelevant or not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence.

D. *Formulaic Objections Followed by an Answer*: Parties should avoid reciting a formulaic objection followed by an answer to the request. It has become common practice for a party to object and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such an objection and answer preserve nothing and constitute only a waste of effort and the resources of both the parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the question has been fully answered, or only a portion of it has been answered. Federal Rule of Civil Procedure 34(b)(2)(c) specifically requires an objection to state whether any responsive materials are being withheld. As such, counsel shall include in the Answer a clear statement that all responsive documents/information identified have in fact been produced/provided, or otherwise describe the category of documents/information that have been withheld based on the objection.

E. *Objections Based on Privilege*: Generalized objections asserting attorney-client privilege or work product doctrine do not comply with the Local Rules. *See* S.D. Fla. L.R. 26.1(e)(2)(B). The party with the burden of persuasion on a privilege claim has the obligation to present to the Court, no later than at the time of the hearing, sworn evidence, if necessary, to satisfy that burden. The failure to present that sworn evidence by the scheduled hearing may be deemed by the Court as a waiver of the privilege absent a showing of good cause.

F. *Objections to Scope of 30(b)(6) Notices for Depositions:* Corporations are not entitled to review of anticipatory relevance objections prior to the taking of a corporate representative deposition. Objections to the scope of a deposition notice shall be timely served (not filed) in advance of the deposition. *See King v. Pratt & Whitney*, 161 F.R.D. 475–76 (S.D. Fla. 1995); *New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV, 2007 WL 1068124, at *2–3 (S.D. Fla. Apr. 6, 2007). Accordingly, any objections to the scope of a Federal Rule of Civil Procedure 30(b)(6) deposition notice shall only be adjudicated *after* the taking of the deposition.

G. *Written Objections to the Timing of Depositions:* If a motion for protective order is required for a particular dispute under Federal Rule of Civil Procedure 26(c), Federal Rule of Civil Procedure 30(d)(3), or Local Rule 26.1(g)(3), a notice of objection must be served (not filed) on the opposing party no later than five (5) days after receipt of the deposition notice at issue. Such a notice may not be submitted on the eve of the event. The failure to timely preserve an objection may be deemed a waiver. But if a good faith scheduling dispute arises prior to a deposition, the service of the written notice of objections, followed by a good faith conference to resolve the dispute, will be sufficient to preserve the issues involved without fear of waiver prior to the Court resolving the dispute at a discovery conference. *See* S.D. Fla. L.R. 26.1(h). If the parties do not

thereafter reach an agreement to resolve the dispute, the objecting party shall schedule the matter at the next available discovery calendar. Federal Rule of Civil Procedure 37, however, continues to apply to such objections; thus, if the Court finds that the objections were not substantially justified, the failure to comply with a timely served Federal Rule of Civil Procedure 30 deposition notice may be sanctioned appropriately.