UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21194-COOKE/DAMIAN

FELIX A. RAPOSO,
For himself and all others
similarly situated,

    Plaintiff,

vs.

ARC ONE PROTECTIVE SERVICES
LLC, CHANCE RAMOS, and
AUSTIN WALLACE,

    Defendants.
_____/

## ORDER APPROVING FLSA SETTLEMENT

THIS CAUSE is before the Court on a settlement agreement reached between Plaintiffs, Felix A. Raposo, Raul Castro, Miguel Padilla, and Damian G. Padron (collectively, "Plaintiffs"), and Defendants, Arc One Protective Services LLC, Chance Ramos, and Austin Wallace (collectively, "Defendants"). This matter is before the undersigned pursuant to a Joint Consent to Jurisdiction by a United States Magistrate, in which the parties jointly and voluntarily elected to have the undersigned conduct all proceedings in this case. [ECF No. 46]. *See* 28 U.S.C. § 646(c)(1).

THE COURT has considered the proposed Settlement Agreement, the pertinent portions of the record, and relevant legal authorities. The Court also heard from the parties and counsel at a Settlement Conference held on June 15, 2022, and at a Fairness Hearing on June 16, 2022, and is otherwise fully advised in the premises. For the reasons set forth below,

the Court approves the Settlement Agreement and retains jurisdiction for 45 days to enforce its terms.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On April 18, 2022, Plaintiff Felix A. Raposo filed the Complaint against Defendants seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,. *See* ECF No. 1 (the "Complaint"). In addition to the unpaid overtime allegations, the Complaint also contains collective class action allegations pursuant to 29 U.S.C. § 216(b). *Id*. ¶¶ 17-27. Plaintiffs Padilla, Castro and Padron consented to join the litigation after the Complaint was filed. [ECF Nos. 6, 13. 29]

On May 19, 2022, Plaintiffs Raposo, Padilla, and Castro filed their Statement of Claim. [ECF No. 21]. Mr. Padron was not a party to the litigation at the time the Statement of Claim was filed, but his estimated damages were discussed during confidential settlement negotiations.

According to the Complaint and the Statement of Claim, the parties allege that, although they were paid for overtime hours worked, they were paid for those overtime hours at their regular rate of pay rather than the mandated time and a half rate pursuant to the FLSA. In the Statement of Claim, Mr. Raposo estimates that he is owed $19,475.10 in overtime wages for work performed between March 28, 2021, and April 20, 2022. *Id*. at 2. Mr. Padilla estimates that he is owed $24,045.12 in overtime wages for work performed between March 25, 2021, and April 9, 2022. *Id*. at 3. And, Mr. Castro estimates that he is owed $24,045.12 in overtime wages for work performed between May 17, 2021, and February 20, 2022. *Id*. The Plaintiffs sought the amounts allegedly owed to them in overtime wages,

plus an equal amount in liquidated damages and reasonable attorney's fees and costs pursuant to the FLSA. *Id*. at 3.

On June 15, 2022, the parties attended a settlement conference with the undersigned, during which they were able to agree to settlement terms. *See* ECF No. 47. The following day, on June 16, 2022, the Court held a Fairness Hearing as to the terms of the parties' settlement agreement (the "Settlement Agreement"). *See* ECF No. 48. The parties now seek approval of their proposed Settlement Agreement, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismissal of the action with prejudice, and they request the Court retain jurisdiction to enforce the terms of the Settlement Agreement.

## II. APPLICABLE LEGAL STANDARDS

Section 206 of the FLSA establishes the federally mandated minimum hourly wage, and Section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. 29 U.S.C. §§ 206, 207. An employer who violates the FLSA may be liable to its employee for both unpaid minimum wages or overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived" between employers and employees. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Nevertheless, there are two ways in which claims arising under the FLSA can be settled or compromised by employees: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee against his or her employer, if the parties present the district court with a proposed settlement agreement and the district court enters a stipulated

judgment after scrutinizing the settlement for fairness. *See* 29 U.S.C. 216(c); *Lynn's*, 679 F.2d at 1352–53.

The Eleventh Circuit has held that the compromise of FLSA claims is allowed under the following circumstances:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's*, 679 F.2d at 1354. Thus, an employee may compromise a claim if the district court determines that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

When evaluating an FLSA settlement agreement, district courts consider both whether the settlement is fair and reasonable to the employee (*i.e.*, "internal" factors), and whether the settlement frustrates the purpose of the FLSA (*i.e.*, "external" factors). Factors considered "internal" include: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–44 (M.D. Fla. 2010). There is a "'strong presumption' in favor of finding a settlement fair." *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at * 2

(M.D. Fla. Mar. 18, 2022) (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)). Additionally, "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III.   DISCUSSION

With the foregoing in mind, the undersigned considers the parties' proposed Settlement Agreement for fairness.

#### A.  *The Settlement Agreement*

Although they executed releases, the parties did not execute a written settlement agreement. However, the parties agreed to terms of the Settlement Agreement, which they submitted to the Court for *in camera* review due to Confidentiality and Non-Disclosure provisions in the Agreement. The Court has scrutinized the terms of the Agreement, considered the above referenced factors, and heard from the parties, through their counsel, at a Fairness Hearing before the undersigned. As indicated above, the Court also presided over a settlement conference with the parties and is, therefore, familiar with the parties' claims, the amounts at issue, and the strengths and weaknesses of the parties' cases. The Court finds the Agreement promotes the policy of encouraging settlement of litigation of FLSA claims. *Lynn's*, 679 F.2d at 1354.

#### B.  *The Settlement Amount*

Although the terms of the Settlement Agreement are confidential, as indicated above, the Court has reviewed the terms, including the Settlement Amount, *in camera*. Based on the parties' representations and their expressed concerns regarding the alleged FLSA claims, the

Court finds the settlement amount represents a fair and reasonable resolution of a bona fide dispute between the parties under all the circumstances presented and that Plaintiffs have not unfairly compromised their FLSA claims.

Having found the settlement amount is fair and reasonable, the Court addresses specific terms of the Agreement.

### C. *Attorney's Fees and Costs*

As part of the Settlement Agreement, Plaintiffs' counsel will receive an amount for attorney's fees and costs. In an FLSA action, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). At the June 16, 2022, Fairness Hearing, the parties represented that the amount to be paid to Plaintiffs' counsel was negotiated separately from the amount paid to Plaintiffs for their FLSA claims, such that Plaintiffs agreed the settlement amount was fair, separate, and apart from consideration of the fees and costs paid to their counsel.

Based on the parties' representation that Plaintiffs' attorney's fees were agreed upon separately and without regard to the amount paid to Plaintiffs, and finding the Settlement Agreement is otherwise reasonable on its face, the Court finds there is no reason to believe that Plaintiffs' recovery was adversely affected by the amount of fees paid to their attorney. Therefore, the Court may approve the Settlement Agreement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

In any event, the Court finds that the fees to be paid to Plaintiffs' counsel are reasonable under the circumstances presented. The Court may rely on its own experience in determining reasonableness of fees and does so here. *See Norman v. Housing Auth. of*

*Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("[The court] itself an expert on the question [of reasonable hourly rates and hours expended] and may form an independent judgment either with or without the aid of witnesses as to value").

Accordingly, the Court finds the fees to be paid to Plaintiffs' counsel pursuant to the Settlement Agreement is reasonable and has not adversely affected the amounts paid to Plaintiffs under the Agreement.

### D. *General Release*

The Agreement also provides for a general release of any and all claims Plaintiffs may have against Defendants with the limited exception that Plaintiff Raposo does not release separate pending employment claims against Defendants. General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and, therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010) (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352; *see also Bradford v. Ancient City Grp. LLC*, No. 21-513, 2022 WL 549589, at *3 n.2 (M.D. Fla. Feb. 15, 2022) ("Some judges will not approve an agreement to settle a FLSA claim that includes a general release because, without an indication of the value of the released claims, the fairness and reasonableness of the compromise cannot be determined."); *King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (denying without prejudice joint motion to approve FLSA settlement where "the Agreement contains unbounded and pervasive release provisions" requiring the plaintiff to

"release many known and unknown legal claims that have nothing apparent to do with the current FLSA dispute"). Nevertheless, "if a plaintiff is given compensation in addition to that to which he or she is entitled under the FLSA, then general releases can be permissible." *Herrera v. FS Invs. of America, Inc.*, No. 20-2465, 2021 WL 1602120, at *2 (M.D. Fla. Apr. 8, 2021).

The Court has reviewed the terms of the Releases executed by the parties, and, during the Fairness Hearing, the Court addressed the general releases with the parties. Counsel represented that the releases were a significant factor in the parties' negotiations and that the settlement amount is partly attributable to the inclusion of the releases. Accordingly, the Court finds that the general releases do not undermine the fairness of the Agreement.

### E. *No Re-Employment Provision*

The Agreement also contains a "No Re-Employment" provision in which Plaintiffs agree to not reapply or apply for employment with Defendants. As the Middle District has specified, "an agreement not to employ a plaintiff in the future plainly injures the plaintiff, and when the parties' briefing does not address the issue of additional consideration, courts cannot determine whether the inclusion of such provision in a settlement agreement represents a fair and reasonable resolution of the parties' FLSA dispute." *Duffey v. Surfside Coffee Co.*, No. 20-cv-501, 2022 WL 766904, at *4 (M.D. Fla. Jan. 1, 2022) (citation and internal quotation marks omitted). Such provisions, nonetheless, may be approved where supported by sufficient additional consideration. *Id.* Moreover, "[n]o reemployment clauses are different from general releases, in that the plaintiffs, as former employees of the defendants, know exactly what they are relinquishing when they agree not to seek future employment with the defendants." *Holmes v. Swissport Fueling, Inc.*, No. 16-cv-669, 2019 WL

1370542, at *6 (M.D. Fla. Mar. 11, 2019) (citation omitted); *see also Cruz v. Winter Garden Realty, LLC*, No. 12-cv-1098, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013) ("Likewise, where a plaintiff indicates that she does not desire re-employment, the inclusion of a waiver of future employment does not render the settlement unfair").

During the Fairness Hearing, the Court addressed this provision with counsel, both of whom agreed the provision enabled the parties to reach a swifter resolution. Moreover, Plaintiffs' counsel asserted that Plaintiffs fully understand the provision and its implications and have no interest in seeking future employment with Defendants. Accordingly, the Court finds the inclusion of a waiver of future employment provision, despite the lack of specific additional consideration, does not undermine the fairness of the Agreement under the circumstances presented.

**F.** *Confidentiality Provision*

Confidentiality provisions in FLSA settlement agreements are often rejected by district courts because courts consider them to "thwart Congress's intent to ensure widespread compliance with the FLSA." *Herrera*, 2021 WL 1602120, at *2 (citing cases). Moreover, "[j]udicial records are presumed to be public documents because '[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.'" *Smith v. Target Corp.*, No. 21-80307-CIV, 2021 WL 5366876, at *1 (S.D. Fla. Nov. 18, 2021) (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

9

At the Fairness Hearing, the Court heard from counsel regarding the confidentiality of the Settlement Agreement. Under the circumstances presented on the record at the Fairness Hearing, including consideration of the unique posture of this case in which collective class action allegations are pending, the Court finds that the parties have shown good cause to keep the Settlement Agreement confidential and not require that it be filed in the public record.

### G. *Retention of Jurisdiction*

"To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012). At the Fairness Hearing, the parties requested the Court retain jurisdiction for 45 days to enforce the terms of the Agreement. In light of the short timeframe of the parties' request, the Court will reserve jurisdiction to enforce the terms of the parties' Agreement for 45 days.

### IV.   FINDINGS

The Court has considered the factors outlined in *Lynn's Food Stores*; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective positions; and the parties' desires to resolve their disputes without protracted litigation.

As set forth above, the Court finds that the Settlement Agreement represents a genuine compromise of a bona fide dispute. Defendants, who deny liability, have agreed to pay Plaintiffs more than they believe Plaintiffs are due under the law, and the parties have agreed to settle as a result of reasonable strategic and financial considerations.

The Court also finds that the settlement occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that

the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable and that the amount claimed as payment for Plaintiffs' counsel's fees and costs is also reasonable.

## V. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the parties' Settlement Agreement is **APPROVED** as fair and reasonable, and the case is **DISMISSED WITH PREJUDICE**.

The Court shall retain jurisdiction for 45 days from the date of issuance of this Order to enforce the terms of the Settlement Agreement. In the interim, the Clerk shall **CLOSE** this case for **administrative purposes only**. All pending motions, if any, are **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers at Miami, Florida this 17th day of June 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE